UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOE DIANGELO,

                Plaintiff,

-against-

PAUL STAWINSKI, et al.,

                Defendants.

25-CV-6634 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action asserting claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681c(g), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and state law (fraud, conversion, unjust enrichment, civil conspiracy, abuse of process, and violations of New York Judiciary Law §§ 478 and 487 for alleged unauthorized practice of law and attorney deceit). He names as defendants Paul Stawinski, Peter Rojas, Melissa Pepper, and Alejandro Ferrari, whom he describes as his former business partners; debt collector Black Cat Recovery, Inc. and its attorney, John J. Cregan III; New York Marshal Edward F. Guida; SoFi Bank, N.A.; Workout Loft Inc.; and Canali System USA LLC (collectively, "Defendants"). By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

      This matter is before the Court on Plaintiff's *ex parte* motion for a temporary restraining order, in which he seeks to enjoin Defendants from enforcing a judgment that was obtained against him in the Supreme Court of the State of New York, New York County, *Pepper v. DiAngelo*, Index No. 157341/2015, and to recover $166,014.54, seized from an account with SoFi Bank, N.A.

**STANDARD OF REVIEW**

To obtain a temporary restraining order or preliminary injunctive relief, a plaintiff must show: (1) that he is likely to suffer irreparable harm if relief is not granted, and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

**BACKGROUND**

The following allegations are drawn from the complaint.[1] In 2011, Plaintiff and Paul Stawinski acquired a condominium unit at 77 Hudson Street, Unit 1708, in Jersey City, New Jersey. (ECF 1 at 29.) Plaintiff held a 99% interest and Stawinski held a 1% interest. (*Id.*) In 2012, Plaintiff, Stawinski, Melissa Pepper, and Alejandro Ferrari executed a partnership agreement to establish a gym. (*Id.* at 92.) A few years later, on January 9, 2015, Stawinski, Pepper, and Peter Rojas agreed to seize Plaintiff's gym and assets "via fabricated litigation," relying on an arbitration clause in the partnership agreement. (*Id.* at 4, ¶ 25.)

On July 20, 2015, Stawinski, Rojas, and Pepper filed a complaint against Plaintiff in the Supreme Court of the State of New York, New York County, under Index No. 157341/2015,

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

allegedly misrepresenting the amount of the investments that had been made. Shortly thereafter, on July 24, 2015, Alejandro Ferrari, whom Plaintiff describes as "a hostile party," was served with legal process directed to Plaintiff, with the process server falsely claiming that Ferrari was Plaintiff's "co-worker."

Meanwhile, in January 2016, "Canali Club," which was operated by Workout Loft Inc., was seized by the city marshal and padlocked, ceasing business operations. In April 2016, the Superior Court of New Jersey, Law Division, Hudson County, entered an order authorizing the sale of the condominium unit at 77 Hudson Street, Unit 1708, in Jersey City, New Jersey, to Paul Stawinski for $550,000, and Plaintiff was ordered to vacate the property. (*Id.* at 353.) On June 29, 2016, Workout Loft Inc., by proclamation of the New York Department of State, officially dissolved.

On August 13, 2018, after inquest, the Supreme Court of the State of New York, County of New York, entered a default judgment in favor of Pepper, Stawinski, and Rojas against Plaintiff, Alejandro Ferrari, Workout Loft Inc., and Canali System USA LLC. Plaintiff contends that judgment was entered based on service of process that was fraudulent, because Ferrari was served in his stead. In February 2019, attorney Paul N. Bowles, III, filed a sworn Affidavit of Foreign Judgment in Miami-Dade Circuit Court, Florida, seeking domestication of the New York default judgment.

On June 1 2025, debt collector Black Cat Recovery, through its attorney John Cregan, issued an information subpoena containing Plaintiff's unredacted social security number in connection with enforcement of the 2018 judgment. On June 12, 2025, Cregan issued a restraining notice to SoFi Bank, N.A., seeking to freeze Plaintiff's accounts (and again listing Plaintiff's unredacted social security number). SoFi Bank notified Plaintiff by email the same

day that his funds were being held pursuant to a court order. Plaintiff called SoFi Bank 32 times between June 12, 2025, and June 23, 2025. On July 3, 2025, New York Marshal Edward F. Guida executed the judgment, and SoFi Bank transferred $166,014.54 from Plaintiff's account, despite notice that Plaintiff had moved in the Supreme Court for the State of New York, New York County, for a Temporary Restraining Order to enjoin the execution.[2]

Plaintiff seeks statutory damages under the FCRA and FDCPA, treble damages under RICO, and punitive damages. He also requests restitution of the $166,014.54 taken from his account with SoFi Bank and an injunction to prevent further unauthorized enforcement actions involving SoFi Bank. In addition, Plaintiff seeks declaratory relief, asking the Court to declare various judgments, subpoenas, and levies against him null and void and to order redaction of his social security number from public records. Finally, he asks the Court to refer these matters to federal and state authorities for further investigation.

## DISCUSSION

**A.     Likelihood of Success**

    **1.     FCRA**

Plaintiff's FCRA claims relate to his allegations that debt collector Black Cat Recovery, John J. Cregan, Esq., and SoFi Bank unlawfully disclosed his social security number in legal and

---

[2] The Court takes judicial notice of the New York Supreme Court's July 11, 2025, order denying Plaintiff's similar request for a TRO. The Supreme Court held: "For the reasons stated on the record after the TRO hearing held on July 11, 2025, the Court denies the request for a TRO . . . . Plaintiff alleges that he was not properly served in this action and therefore there was no basis for the finding of default judgment against him. However, Plaintiff's allegations are belied by the record in this action which establish that he was properly served pursuant to CPLR § 308(2), and that counsel appeared on his behalf at appearances before the Court (*see, e.g.*, NYSCEF Doc. Nos. 32, 33). Plaintiff has also not demonstrated that he will suffer immediate and irreparable harm if the TRO is not issued pursuant to CPLR § 6313." *Pepper v. DiAngelo*, Index No. 157341/2015 (No. 119).

debt collection documents distributed to third parties. He relies on a provision of the FCRA, which states:

> no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

(ECF 1 at 271 (citing 15 U.S.C. § 1681c(g)).

This provision of the FCRA, which governs truncation of credit card and debit card numbers on receipts, is manifestly irrelevant to the facts alleged in the complaint. Moreover, Plaintiff does not invoke any other aspect of the FCRA in his 400-page complaint. Plaintiff thus does not show a likelihood of success on his FCRA claims.

### 2. FDCPA

Plaintiff contends that Black Cat, through attorney John J. Cregan III, violated the FDCPA by:

> (1) issuing an information subpoena and restraining notice to SoFi Bank that misstated and inflated the lawful judgment amount owed, stating $372,911.44 instead of $350,555.88 (or $349,930.51 in some filings), thus misrepresenting the amount, character, or legal status of the alleged debt, § 1692e(2)(A);

> (2) disclosing Plaintiff's full social security number in legal documents sent to third parties, allegedly in violation of § 1692e(10);

> (3) having Cregan issue the information subpoena and restraining notice despite Cregan not being attorney of record in the underlying action and allegedly not being admitted to practice in New York;

> (4) having funds transferred from Plaintiff's SoFi account before the expiration of the 20-day exemption period and without a valid writ of execution signed by the court, which allegedly constituted threatening to take an action that cannot legally be taken, in violation of FDCPA § 1692e(5);

> (5) using unfair or unconscionable means to collect a debt, in violation of Section 1692f, including freezing Plaintiff's funds based on a legal action and judgment that Plaintiff views as defective and fraudulent, and by initiating an enforcement action using unfiled, unsigned, or "counterfeit" court documents; and

  (6) failing to provide him with the required written notice of the debt and his right to dispute it within five days of the initial communication, as required by the FDCPA. (§ 1692g(a)).

Even if Plaintiff were to succeed on one or more of his claims that Black Cat and its attorney Cregan violated some aspect of the FDCPA in its collection activities, it would not alter Plaintiff's obligation to pay the underlying debt, which is established by the extant state court judgment against him. Moreover, because federal district courts do not "exercise appellate jurisdiction over state-court judgments," *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002), Plaintiff's arguments in this federal district court proceeding that the state court judgment was obtained through fraud, or otherwise should be vacated, are unavailing. Plaintiff's claims under the FDCPA thus do not show a likelihood of success on the merits that would justify either enjoining Defendants from enforcing the judgment in *Pepper v. DiAngelo*, Index No. 157341/2015, or reclaiming funds already seized in enforcement of that judgment.

    3.    **RICO**

Plaintiff's only other federal claim is for an alleged violation of civil RICO. Plaintiff asserts that there is an association-in-fact enterprise that operated during a ten-year period with a common purpose: misappropriating Plaintiff's real and personal property using forged instruments, fraudulent litigation, extortion, identity theft, and void judgments. Many of the predicate acts for the RICO claim arise from the allegedly "fraudulent litigation in NY." (ECF 1 at 4.) However, public records of which the Court takes judicial notice show that Plaintiff has repeatedly raised these arguments regarding faulty service, perjured affidavits, and an allegedly invalid default judgment in the state court in *Pepper v. DiAngelo*, Index No. 157341/2015, and that the state Supreme Court has rejected these arguments after holding hearings on these matters, most recently on July 11, 2025. The judgment has not been vacated. Accordingly, the allegedly "fraudulent" litigation cannot be the basis for the predicate acts of the alleged

6

enterprise, such as mail and wire fraud (18 U.S.C. §§ 1341, 1343), bank fraud (18 U.S.C. § 1344), extortion (18 U.S.C. § 1951), money laundering (18 U.S.C. § 1956), identity theft (18 U.S.C. § 1028A), and fraud on the court.[3] Plaintiff thus does not show a likelihood of success on his RICO claims that would weigh in favor of granting his request for emergency injunctive relief.

**B.    Irreparable Harm**

Nor do Plaintiff's complaint and motion demonstrate that he is likely to suffer irreparable harm if the motion is denied. To demonstrate a likelihood of irreparable harm, Plaintiff bears the burden of alleging facts showing that that the injury he will suffer is one that is "not capable of being fully remedied by money damages." *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995). A monetary loss will not suffice unless the movant provides evidence of damage that cannot be rectified by financial compensation. *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989.)

Here, Plaintiff's alleged injury involves money seized from his bank account in satisfaction of a judgment. Although Plaintiff alleges that Defendants have seized funds to which they were not entitled, or that were exempt in part, Plaintiff has state law remedies to protect exempt funds, including seeking an income exemption. Moreover, public records show that the state court held a hearing on his motion seeking the same relief.

Plaintiff's complaint and motion thus do not show either a likelihood of success on the merits or irreparable harm. The Court therefore denies Plaintiff's motion for an *ex parte* temporary restraining order.

---

[3] And, of course, Plaintiff cannot initiate the arrest and prosecution of an individual because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981).

## CONCLUSION

Plaintiff's request for an *ex parte* temporary restraining order (ECF 4-5) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 20, 2025
       New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge